NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEONARD ARNET BURRELL,            :
                                  :  Civil Action No. 06-4301 (NLH)
            Plaintiff,            :
                                  :
       v.                         :  **OPINION**
                                  :
GARY MERLINE, et al.,             :
                                  :
            Defendants.           :

APPEARANCES:

    LEONARD ARNET BURRELL, Plaintiff pro se
    # 140035
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff Leonard Arnet Burrell ("Burrell"), currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I.   BACKGROUND

Burrell brings his civil rights action against the Atlantic County Justice Facility ("ACJF") and Gary Merline, Warden at ACJF.[1]  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On July 22, 2006, at about 10:30 p.m. during lock down, plaintiff slipped and fell in a pool of water that was coming from an outside window in G-left pod as he was going to room # 5.  (Complaint, ¶ 4).  Burrell alleges that Sgt. Hall was notified between 8:00 a.m and 8:30 a.m. that morning, that there was water coming in from an outside window in G-left pod.  Plaintiff claims that defendants were negligent in their duty to assure plaintiff's safety on that day.  (Id.).  He seeks unspecified money damages to compensate him for his pain and suffering and to cover his medicals bills now and in the future.  (Compl., ¶ 5).

---

[1]  Burrell appears to be a pretrial detainee pending ongoing state criminal proceedings.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower

---

[2] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that plaintiff had filed any civil actions dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or

inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   ANALYSIS

Burrell brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the claims asserted against the Atlantic County Justice Facility are subject to dismissal because jail facilities

5

are not "persons" for purposes of § 1983 liability.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Accordingly, the Complaint should be dismissed in its entirety as against this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Moreover, the Complaint does not allege a claim of constitutional dimension to satisfy the first requirement of a § 1983 action, which requires that plaintiff allege the violation of a right secured by the Constitution or laws of the United States.  Burrell is alleging a simple negligence claim against the defendants with respect to his slip and fall accident.  This claim fails as a matter of law to state a claim under § 1983 because prison officials are not subject to liability as a result of negligent acts (such as leaving water on the floor) that cause unintended injury to inmates.  See Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).  Accordingly, the Complaint will be dismissed in its entirety for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Finally, although Burrell does not have a cognizable § 1983 claim, he could bring his common law negligence claim in federal

6

district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from <u>each</u> defendant. <u>Owen Equipment and Erection Co. V. Kroger</u>, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. <u>Id</u>.

Here, there is incomplete diversity of jurisdiction between the plaintiff and defendants. Plaintiff is domiciled in New Jersey, as are the named defendants, who are either domiciled or doing business in the State of New Jersey. Therefore, complete diversity is lacking and the Court has no subject matter jurisdiction over the common law negligence claim against these defendants pursuant to 28 U.S.C. § 1332. Further, the Court declines to exercise supplemental jurisdiction over this state law claim, pursuant to 28 U.S.C. § 1367(c)(3), because there are no claims pending over which this Court has original jurisdiction.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, for failure to state a

claim under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and alternatively, for lack of subject matter jurisdiction under 28 U.S.C. § 1332. An appropriate order follows.

                                                            */s/ Noel L. Hillman*
                                                 NOEL L. HILLMAN
                                                 United States District Judge

Dated: September 18, 2006

Camden, New Jersey